**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

September 11, 2020

**BY ECF AND EMAIL**

The Honorable Cathy Seibel
United States District Court
300 Quarropas Street
White Plains, New York 10601

      Re:      <u>United States v. Devon Knight</u>, 20 Cr. 216 (CS)

Dear Judge Seibel:

      The defendant in the above-captioned case is scheduled to be sentenced on September 17, 2020, at 2:15 p.m. The Government respectfully submits this letter in connection with his sentencing. For the reasons set forth below, the Government submits that a sentence within the guidelines range of 77 to 96 months' imprisonment would be sufficient, but not greater than necessary to meet the purposes of sentencing.

**A. Offense Conduct**

      As described in the Presentence Investigation Report ("PSR"), the defendant was arrested on October 29, 2019.  (PSR ¶ 12). At the time of the defendant's arrest, he had 500 rounds of ammunition, and redistribution quantities of heroin and cocaine in his car.  (PSR ¶¶ 2, 3).  The defendant was released on bail conditions, but was rearrested on January 13, 2020. (PSR ¶ 4).  At the time of his second arrest, the defendant again had redistribution quantities of narcotics in his car, consistent in appearance with crack cocaine.  (PSR ¶ 15).

**B. Procedural History**

      The defendant was charged by complaint and presented before the Honorable Paul E. Davison on October 30, 2019.  With the Government's consent, the defendant was released on bail conditions, but was re-arrested by the Town of Newburgh Police Department on January 13, 2020 in possession of resale quantities of cocaine.  Judge Davison held a revocation hearing on January 14, 2020, and remanded the defendant.

      On March 18, 2020, the defendant consented to the filing of a three count Information, charging him with (i) being a previously convicted felon in possession of a ammunition, in violation of 18 U.S.C. § 922(g); (ii) possession with intent to distribute mixtures and substances containing heroin, and mixtures and substances containing cocaine on October 29, 2019, in

violation of 21 U.S.C. §§ 812, 841 (a)(1), and 841(b)(1)(C); and (iii) possession with intent to distribute mixtures and substances containing cocaine on January 13, 2020, while on pretrial release, in violation of 21 U.S.C. §§ 812, 841 (a)(1), and 841(b)(1)(C), and 18 U.S.C. § 3147. On July 23, 2020, the defendant pleaded guilty to the first count of the Information, being a previously convicted felon in possession of ammunition, in violation of 18 U.S.C. § 922(g).

## C. Presentence Investigation Report

Consistent with the parties' plea agreement, the Probation Office has calculated the offense level as follows: pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 2K2.1(a)(2), the base offense level is 24 because the defendant possessed ammunition subsequent to sustaining two felony convictions for controlled substances; and due to the defendant's acceptance of responsibility, a three level decrease is warranted pursuant to U.S.S.G. § 3E1.1(b). (PSR ¶¶ 21-29). Therefore, the specific offense level is 21. (PSR ¶ 30). The defendant has eight prior convictions, resulting in 13 criminal history points, and is in criminal history category VI. (PSR ¶¶ 32-41).

The offense level and criminal history category as calculated by the plea agreement and the PSR result in a Guidelines range of 77 to 96 months' imprisonment. (PSR ¶ 83).

## DISCUSSION

## A. Applicable Law

The Guidelines still provide important guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Indeed, although *Booker* held that the Guidelines are no longer mandatory, it also held that district courts must "consult" the Guidelines and "take them into account" when sentencing. *Booker*, 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)-(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; and

(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

## B.  A Sentence Within the Stipulated Guidelines Range Is Appropriate

The sentencing factors most applicable here include the need for the sentence to reflect the nature and seriousness of the offense, and the need to promote respect for the law and afford adequate deterrence to criminal conduct.  These considerations weigh in favor of a sentence within the Stipulated Guidelines range of 77 to 96 months' imprisonment.

First, the defendant's crime is indisputably serious.  In Newburgh, where the defendant was arrested on October 29, 2019, the scourge of gun violence is a fact of life that citizens must live with every day.  The defendant's unlawful possession of hundreds of rounds of ammunition could do nothing but contribute to that violence, and endanger other people.  Further, those who unlawfully possess firearms and ammunition generally use them for criminal or other illicit purposes.  And while the Government agreed to a negotiated plea agreement wherein the defendant did not plead to Counts Two or Three, the Court should consider the seriousness of his narcotics dealing in crafting an appropriate sentence under 3553(a).[1]  The defendant also displayed shocking disrespect for the rule of law by possessing cocaine with intent to distribute while on pretrial release, as charged in Count Three.

Second, despite eight prior convictions, and multiple prior terms of imprisonment, the defendant returned to criminal conduct just months after his most recent release from parole supervision, and committed additional crime while on release for this very offense.  The defendant further violated the conditions of pretrial release by testing positive for illegal drugs on seven separate occasions in a short ten week period.  The defendant's rap sheet reflects a pattern of similar conduct, with new criminal charges incurred during or shortly after release from parole supervision.  Notably, neither the defendant's entry into full-fledged adulthood, nor his access to higher education, nor the birth of his now-teenaged daughter have deterred him from returning to crime.  A sentence within the Stipulated Guidelines range will promote respect for the law, deter the defendant from future criminal conduct, and deter others who are tempted to engage in firearms and narcotics offenses.

---

[1]  Knight faced decades in prison had he pleaded guilty to either of those Counts, because he would have been subject to the Career Offender guideline.

## C.  Conclusion

For the reasons set forth above, the Government respectfully submits that a sentence within Stipulated Guidelines range would be fair and appropriate in this case.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

by: _____
Lindsey Keenan / Samuel Raymond
Assistant United States Attorneys
(914) 993-1907 / (212) 637 - 6519

Cc: Samuel Braverman, Esq.